IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOLLIS DEAN MARTZ                                                    PLAINTIFF

v.                              Civil No. 4:18-cv-04047

MATTHEW D. WEBB, Sevier County
Detention Center ("SCDC"); MICHAEL
BARNES, SCDC; THOMAS JACKSON,
SCDC; and KRIS HUNDLEY, SDCD                          DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Order to Enforce Settlement.  (ECF No. 66).

Plaintiff has filed a Response in opposition to the Motion (ECF No. 68) and Defendants filed a

Reply to the Response.  (ECF No. 69).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant

motion to the undersigned for the purpose of making a Report and Recommendation.

## I.  PROCEDUREAL BACKGROUND

Plaintiff filed his original Complaint on April 5, 2018, against the following defendants

who are employed at the Sevier County Detention Center ("SCDC"):  Deputy Matthew D. Webb,

Deputy Michael Barnes, Deputy Thomas Jackson, Deputy Kris Hundley, Deputy Troy Cravens,

Deputy Chad Dowdle, Investigator Robert Gentry, Deputy Wendell Randall, and Deputy

Christopher Wollcot.  (ECF No. 1).  Plaintiff also sued several officers employed at the North

Central Unit of the Arkansas Department of Correction ("ADC") located in Calico Rock,

Arkansas.  That same day the Court granted Plaintiff's motion to proceed *in forma pauperis* and

transferred the claims against the ADC defendants to the Eastern District of Arkansas, Northern

Division.  (ECF No. 3).  On April 18, 2018, Plaintiff filed an Amended Complaint against Sevier

1

County Sheriff Benny Simmons and the same Sevier County Defendants named in his original Complaint.  (ECF No. 7).  On January 25, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 25).

On April 30, 2019, the Honorable Susan O. Hickey, entered an order granting in part and denying in part Defendants' Motion for Summary Judgment.  (ECF No. 41).  The order dismissed Plaintiff official capacity claims against all Defendants; his individual capacity claims against Defendants Webb, Barnes, Jackson, and Hundley for deliberate indifference related to his arrest on April 27, 2016; and his individual capacity claims against Defendants Randall, Gentry, Cravens, Dowdle, Wolcott, and Simmons for excessive force related to the deployment of pepper spray on May 6, 2016, with prejudice.  *Id.* at p. 15.  However, the Court denied summary judgment as to Plaintiff's claims against Defendants Webb, Barnes, Jackson, and Hundley for alleged excessive force during his arrest on April 26, 2016, and his claims against Defendants Randall, Gentry, Cravens, Dowdle, Wolcott and Simmons for alleged excessive force and deliberate indifferent arising from being pepper sprayed on May 6, 2016.  *Id.*

On May 20, 2019, Defendants filed a Notice of Interlocutory Appeal from the Court's denial of qualified immunity and summary judgment as it related to Plaintiff's claims against Defendants Randall, Gentry, Cravens, Dowdle, Wolcott, and Simmons for alleged excessive force and deliberate indifference arising from the pepper spray deployment on May 6, 2016.  (ECF No. 49).  On January 8, 2020, the Eighth Circuit Court of Appeals reversed the District Court's decision on qualified immunity for excessive force and deliberate indifference based on Defendants' alleged failure to deny Plaintiff a decontamination shower and medical care after the pepper spray incident.  (ECF No. 56-1).  In accordance with the Mandate issued by the Eighth Circuit, judgment

2

was entered in favor of Defendants Randall, Dowdle, Gentry, Cravens, Wolcott, and Simmons on February 7, 2020.  (ECF No. 57).

## II.  THE SETTLEMENT CONFERENCE

On February 12, 2020, the case was referred to the undersigned for a mandatory settlement conference.  (ECF No. 58).  The settlement conference was held on March 11, 2020. (ECF No. 62). The undersigned actively participated in the settlement conference as "mediator."  During the settlement conference, Plaintiff remained in an office off the courtroom and discussed the settlement of the case privately with the undersigned. The Defendants and their counsel remained in the Courtroom and discussed settlement of the case privately with the undersigned. When tentative settlement was reached the Plaintiff and counsel for defendants met with the undersigned in chambers to finalize the agreement. The terms of the agreement were stated clearly by the undersigned to both parties who each in turn agreed with the settlement terms and conditions. Plaintiff then provided counsel for defendants with payment information.

In the instant motion Defendants state the parties verbally agreed upon the terms of a settlement during the conference. (ECF No. 66, p. 1). On March 13, 2020, counsel for Defendants forwarded a Settlement Agreement and Release of All Claims, Stipulation of Dismissal, and a Medicare form to be executed and returned by Plaintiff.  *Id*.  The Settlement Agreement provided for the payment of one thousand five hundred dollars ($1500), payable to Trudy Martz, Plaintiff's mother (as directed by Plaintiff on March 11, 2020) and the payment of the filing fee in the instant case in the amount of four hundred dollars ($400.00) payable to the United States District Court Western District of Arkansas.  *Id*. at p. 2.  On March 19, 2020, counsel for Defendants received correspondence from Plaintiff stating he would not agree to the settlement.  (ECF No. 66).  On March 20, Plaintiff filed a Motion to Appoint counsel with the Court stating, "…Plaintiff requests

counsel to help prepare for trial." (ECF No. 63).  The Court denied Plaintiff's motion noting the parties participated in a mandatory settlement conference and informed the Court a settlement had been reached. (ECF No. 64).

Defendants filed the instant motion to enforce the settlement agreement on April 3, 2020. Defendants represent to the Court they have made every effort to fulfill the terms of the settlement agreement which accurately details the terms of the settlement agreement. (ECF No. 66). They ask the Court to enforce the settlement or set this matter for a hearing at the convenience of the Court. *Id.* at p. 2. Plaintiff filed a Response on April 9, 2020 stating in part:

> On 3-11-2020 the agreement was $2,000 not $1,900 and I have a remaining balance of $46.80 that I owe the District Court on this case. I do not owe the District Court $400.00…the total filing fee was $346.04 I have paid $299.24 oweing $46.80…

> Plaintiff is still affected from nerve pain…no duty script for medical and not at any time was medical bills, future medical care of the waiver of my personal attorneys fees agreed upon at the 3-11-2020 mandatory settlement conference…the [settlement agreement] is in breach of any verbal agreement I was told I would be released from prison as well on 3-11-2020 and that was not in the settlement agreement known as Ex. A…

> Plaintiff has made an honest showing on 3-11-2020 to reach a Settlement Agreement on a good faith basis in which Plaintiff already terminated punitive damages against Defendants showing generosity and Care for others…I will not except the breech of agreement until further reasonable offers by your officer there has been a big misunderstanding…

> Now I ask for $20,000 per each in official and personal capacity and A.D.C. medical bill release me from prison get proper specialist exams and appropriate medical care arising from such excessive force claim that occurred on 4-27-2017…a total of $160, 000 is my price now to settle out of court I was the victim…

(ECF No. 68).

Defendants filed a Reply on April 16, 2020, stating the parties verbally agreed to a settlement of $1,500.00 plus a payment made by Defendants for the remainder of Plaintiff's filing fee due for this case. (ECF No. 69). Defendants go on to say during the settlement conference

Plaintiff expressed concern to the undersigned regarding the payment of the filing fee, but Plaintiff did not know the exact amount he owed. *Id.* After the parties agreed to settle the case for $1,500.00 and payment of the remaining filing fee, counsel for Defendants, Plaintiff, and the undersigned met in chambers to discuss how the payment of the $1,500.00 was to be distributed. Plaintiff stated he wanted the money to be paid to his mother, Ms. Trudy Martz, and provided counsel for Defendants with the information needed to make the payment. At no time during the joint discussions, did Plaintiff indicate he disagreed with the settlement verbally agreed upon between the parties.

In addition, counsel for Defendants state before drafting the settlement agreement she contacted the Clerk of the United States District Court for the Western District of Arkansas and was informed the amount Plaintiff owed on his filing fee in this case was $400.00. On April 16, 2020, defense counsel again contacted the Clerk of the Court to confirm the amount owed by Plaintiff for the filing fee in this case. Defense counsel was informed by the Clerk Plaintiff owes $61.80 for the case of *Martz v. Simmons,* Case No. 4:18-cv-4040 and the filing fee for the instant case has been paid in full. (ECF No. 69. p. 2). Defense counsel states she is unable to determine why the amount of filing fee owed differs from the information provided by the Clerk to her in March 2020.

Defense counsel also points out in the Reply that Plaintiff informed the undersigned and counsel during the settlement conference he was going to be released from the Arkansas Department of Corrections soon, although he did not know the exact date. Defense counsel states she never informed Plaintiff he would be released from the ADC as part of the settlement as Defendant do not have authority to release inmates from the ADC and Plaintiff's release is entirely out of their control. (ECF No. 69, p. 2).

The Defendants' recitation of the settlement conference and resulting terms of the agreement comports exactly with the settlement conference notes of the undersigned. The Plaintiff agreed to settle all claims in this case for the sum of $1,500.00 plus the payment of any remaining filing fee owed the Clerk of this Court. The Plaintiff instructed the Defendants to pay the settlement proceeds to his mother Ms. Trudy Martz. He provided contact information to Ms. Martz to facilitate the payment of the settlement proceeds. The statements of Plaintiff in his Response to the Motion regarding being tricked or somehow not understanding the terms agreed to on March 11, 2020, are simply false. He was fully informed the settlement agreement would settle and resolve all claims he had made in this case. He was fully informed of the precise terms of the settlement agreement by the undersigned privately, and then again in a joint conference with Defendants counsel. He was not promised he would be released from prison, in fact Plaintiff was told the exact opposite by Defense counsel. The Defendants, through counsel, specifically indicated to Plaintiff that they had no authority to order his release or impact that release in anyway. The undersigned also specifically advised Plaintiff that his release from prison was not an issue before the Court in his case or at the settlement conference.

## III. DISCUSSION

A district court possesses the inherent power to enforce a settlement agreement in a case pending on the court's docket. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999). The settlement of cases and controversies is strongly favored by public policy since settlement of cases helps to relieve the court calendar of congestion and speeds the process of justice. *Southern Farm Bureau Life Insurance Company v. Burney*, 590 F. Supp. 106, 1020 (E.D. Ark. 1984). Settlement contracts, absent fraud or a genuine mutual mistake of fact, should be upheld. *Id.* "A settlement

agreement is essentially a contract, subject to contractual rules of interpretation and enforcement." *Sheng v. Starkey Labs., Inc.,* 53 F.3d 192, 194 (8th Cir. 1995).

A settlement agreement does not need to be in writing to bind the parties.  *See Western Thrift and Loan corp. v. Rucci,* 812 F.3d 722 (8th Cir. 2016) citing *Austin Farm Center, Inc. v. Austin Grain Co.,* 418 N.W.2d 181, 184 (Minn. App. 1988).  To constitute a full and enforceable settlement, there must be such a definite offer and acceptance that it can be said there has been a "meeting of the minds" on the material terms of the agreement.  *Id.*  Only those terms upon which a settlement hinges are considered material terms.  Leaving "insubstantial matters for later negotiation…does not vitiate the validity of the agreement reached." *Trnka v. Elanco Products Co.,* 709 F.2d 1223, 1226 n. 2 (8th Cir. 1983)

None of Plaintiff's arguments to set aside the settlement in this case are persuasive.  First, Plaintiff admits, even now, the parties reached an agreement.  (ECF No. 68, p. 1).  Plaintiff and Defense counsel agreed to the terms of an agreement before a magistrate judge at the court ordered settlement conference.  "An open court stipulation as to a settlement agreement is a contract but made with more solemnity and with better protection to the rights of the parties than ordinary contract made out of court." *Bath Junkie Branson, L.L.C. v. Bath Junkie Inc.,* 528 F.3d 556, 560 (8th Cir. 2008).  If Plaintiff had any objection or reservations as to the terms of the agreement in this case, he should have clearly expressed it during the settlement conference laying out the terms of the agreement because courts are not "concerned with what the parties may have subjectively intended to say." *Id.*

Although he states the agreement was for $2000.00 total and Defendants state the agreement was for $1500.00 plus the remainder of Plaintiff's filing fee owed in this case the Court finds the parties reached an agreement to settle the case.  There is no evidence of fraud or mistake

of fact in this case.  Plaintiff's dissatisfaction with the settlement after the fact does not constitute a reason to set the settlement aside.  Even where one party "may now be unhappy with some or all of the terms…the fact that a party decides after the fact that a contract is not to its liking does not provide a reason to suppose that a contract was not in fact formed or to release that party from its obligation." *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.,* 347 F.3d 1052, 1055 (8th Cir. 2003).

The Court finds the parties objectively reached a meeting of the minds sufficient to create a valid, enforceable settlement agreement.  As the undersigned conducted the settlement conference in this matter, no hearing is necessary.

## II.    CONCLUSION

For the reasons set forth above, I recommend Defendants' Motion for Order to Enforce Settlement (ECF No. 66) be **GRANTED.**  Specifically, I recommend as follows:

1. Plaintiff be ordered to sign the necessary settlement documents by a date certain.

2. Upon Plaintiff's signing of the settlement agreement the Defendants be ordered to pay Plaintiff as agreed by the parties (to Plaintiff's mother, Ms. Trudy Martz) on March 11, 2020.

3. In the alternative, should Plaintiff continue to refuse to sign the settlement agreement, Defendants be ordered to pay the $1,500.00 settlement amount to Plaintiff through his inmate account with the Arkansas Department of Correction.

4. Defendants be ordered to pay the remainder of any filing fee owed the Court.

5. This case be dismissed upon Notice of Completion of the Settlement being filed with the Court by Defendants.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 22nd day of April 2020.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE