IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOLLIS DEAN MARTZ                                                                                   PLAINTIFF

v.                                         Civil No. 4:18-cv-4047

MATTHEW D. WEBB, Sevier County
Detention Center ("SCDC"); MICHAEL
BARNES, SCDC; THOMAS JACKSON,
SCDC; and KRIS HUNDLEY, SDCD                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 70). Judge Bryant recommends that the Court grant Defendants' Motion for Order to Enforce Settlement. Plaintiff Hollis Dean Martz has filed objections. (ECF No. 71). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On April 5, 2018, Plaintiff filed this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in the Sevier County Detention Center. On February 12, 2020, the Court referred the parties to a mandatory settlement conference. The settlement conference took place on March 11, 2020, with Judge Bryant acting as the mediator. Afterwards, Judge Bryant informed the undersigned that the parties reached an oral agreement that settled all issues in this case.

On March 13, 2020, Defendants' counsel mailed settlement documents to Plaintiff for him to sign in order to finalize the settlement. On March 19, 2020, Defendants' counsel received correspondence from Plaintiff, stating that he would not agree to the settlement and would not sign

the documents. On April 3, 2020, Defendants filed the instant motion, asking the Court to enforce the terms of the parties' oral settlement agreement.

The Court referred the matter to Judge Bryant for preparation of a Report and Recommendation. On April 22, 2020, Judge Bryant issued the instant Report and Recommendation. He finds that Defendants accurately recount the settlement conference and the terms of the parties' oral agreement. Thus, Judge Bryant recommends that the Court grant the motion to enforce settlement and order the parties to carry out the terms of the agreement. Plaintiff objects.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Moreover, non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief" and magistrate judge did not conduct a hearing).

In the Report and Recommendation, Judge Bryant states that Defendants' recounting of the settlement conference and the terms of the parties' agreement matches his recollection and his notes from the conference. Judge Bryant states that, at the settlement conference, Plaintiff agreed to settle all claims in this case for the sum of $1,500.00, plus the payment of any remaining filing fee for this case. Judge Bryant states that Plaintiff was twice informed that the agreement would resolve all claims in this case. Judge Bryant finds that the parties entered into a valid and enforceable oral agreement and that Plaintiff's apparent subsequent dissatisfaction with the agreement is no reason to set it aside. Accordingly, Judge Bryant recommends that the Court grant Defendants' motion and order the parties to carry out the terms of their oral settlement agreement.

Plaintiff's objections are largely unresponsive and appear to argue that he has been periodically placed in solitary confinement without his legal materials and that he was falsely arrested, a claim that was the subject of a separate lawsuit before the Court, *Martz v. Simmons*, No. 4:18-cv-4040-SOH.[1] He also objects that the Report and Recommendation does not reference his desire to put Defendants "on a lie box."[2] These portions of the objections have no bearing on Judge Bryant's findings and recommendations, and thus, do not warrant *de novo* review. However, certain portions of the objections can be construed as responsive, so the Court will conduct a *de novo* review of them.

### A. Settlement Agreement

Plaintiff objects that he did not agree to settle this case for $1,500.00, plus the payment of any remaining filing fee. Rather, he appears to state that he agreed to settle his claims for $2,000.00. He also takes issue with the finding that the parties agreed that Defendant would pay Plaintiff's $400.00 filing fee for this case. He states that his outstanding balance for his filing fee

---

[1] The Court dismissed that case on July 30, 2019, and it is currently on appeal with the Eighth Circuit.

[2] It is unclear what this means.

3

is currently $46.80.³ Finally, he states that the parties agreed as part of the settlement agreement that he would be released from incarceration, which is not reflected in the settlement documents.

The Court finds that none of these objections warrant a departure from the Report and Recommendation. Plaintiff appears to concede that he and Defendants agreed to settle the case. His specific objections largely concern the precise terms of the settlement. Plaintiff's objections appear to take two alternative tracks. First, he seems to argue that the terms of Defendant's written settlement documents do not match the terms the parties orally agreed to at the settlement conference. Second, he appears to concede that he agreed to the terms Defendants describe, but he misunderstood what he was agreeing to at the settlement conference and would not have agreed to the terms if he understood them. These objections implicate whether the parties' agreement was based on mutual assent. The Court finds this argument unavailing for the following reasons.

Basic principles of contract formation govern the existence and enforcement of settlement agreements. *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006). In Arkansas, "[t]he essential elements of a contract include (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218, 289 S.W.3d 466, 470 (2008). As stated above, the only element implicated here is mutual agreement.

A valid oral settlement agreement is binding and the parties' signature on a written agreement is not essential to finalize the contract. *Church Mut. Ins. Co. v. Copenhaver*, No. 4:09-cv-0487-JMM, 2011 WL 704575, at *1 (E.D. Ark. Feb. 22, 2011) (applying Arkansas law). "Courts will enforce contracts of settlement if they are not in contravention of law." *DaimlerChrysler*, 375 Ark. at 218, 289 S.W.3d at 470. A court should keep in mind two legal

---

³ It seems that, in light of his reduced, outstanding filing-fee balance, Plaintiff would like the $400.00 paid directly to him instead.

principles when deciding whether a valid contract exists: (1) a court cannot make a contract for the parties, but can only construe and enforce the contract that they have made; and (2) to make a contract, there must be a meeting of the minds as to all terms, using objective indicators. *Id.* A party to a valid settlement agreement cannot avoid the agreement simply because the agreement ultimately proves to be disadvantageous or because he later feels that the amount of the settlement is unsatisfactory. *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir. 1985).

Judge Bryant notes that an evidentiary hearing is unnecessary to resolve this motion because he served as the mediator at the settlement conference, and thus, has firsthand knowledge of what the parties said and agreed to. Judge Bryant finds that Plaintiff agreed to settle his claims in this case for $1,500.00, plus the payment of any remaining filing fee for this case. Judge Bryant finds that he advised Plaintiff on at least two occasions of the precise terms of the settlement agreement and what the effect of settlement would be, and that Plaintiff stated that he understood. Judge Bryant further finds Defendants' counsel explicitly told Plaintiff that they did not have the authority to order his release from incarceration and that Judge Bryant told Plaintiff that his release from prison was not an issue in this case or at the settlement conference. Judge Bryant also finds that the terms set out in Defendants' written settlement documents accurately reflect the terms orally agreed to at the settlement conference.

Based on Judge Bryant's firsthand knowledge of what was said and agreed to at the settlement conference, the Court is satisfied that the settlement agreement was based on mutual assent. Plaintiff indicated to Judge Bryant at the settlement conference that he understood the terms of the settlement and the effect of settling. Judge Bryant also made clear to Plaintiff that the settlement agreement would not provide his release from prison.

The only remaining objection on this front is Plaintiff's contention that the settlement documents incorrectly state that Defendants will pay him $400 to cover this case's filing fee, when

5

he only owes $46.80 in filing fees. Even if true, the Court finds that this discrepancy is not fatal to the contract's formation. As Judge Bryant states, the parties agreed to settle in exchange for Defendants paying $1,500, plus any remaining filing fee for this case. If Plaintiff has paid off some of his original filing-fee balance, the settlement documents can be revised to reflect his outstanding balance. Accordingly, the Court sees no basis to set aside the settlement agreement.

### B. Allegations of Judicial Bias

Plaintiff also makes a vague accusation that Judge Bryant is biased against him because Judge Bryant went to law school with Tom Cooper, who was a defendant in Plaintiff's separate case *Martz v. Simmons*, No. 4:18-cv-4040-SOH. Although this argument is not responsive to the Report and Recommendation, the Court will nonetheless address it. Plaintiff seems to imply that, based on this alleged familiarity with Tom Cooper, Judge Bryant conspired with Defendants' counsel to trick him into entering into an unfair settlement agreement. It is unclear whether Plaintiff wants Judge Bryant to recuse from this case or if he simply wants the Court to disregard Judge Bryant's recommendation because of the alleged impartiality. Either way, the Court finds the argument unpersuasive.

As an initial matter, this argument is improperly presented to the Court for the first time in an objection to a Report and Recommendation. A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). "[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Roberts v. Apfel*, 222

F.3d 466, 470 (8th Cir. 2000). Judge Bryant has been assigned to this case from its beginning and at no point has Plaintiff made any objection to his involvement in the case. Thus, the Court finds that Plaintiff's argument relating to bias should not be considered for the first time as a basis for rejecting the instant Report and Recommendation.

However, even if the Court did consider the argument, it is unavailing. Federal judges have an obligation to recuse themselves whenever their impartiality could reasonably be questioned, but they also have an equally strong obligation to not recuse themselves when circumstances do not require it. 28 U.S.C. § 455(a); *Sw. Bell Telephone Co. v. F.C.C.*, 153 F.3d 520, 523 (8th Cir. 1998). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). "The test for disqualification or recusal is an objective one and asks whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Tyler v. Purkett*, 413 F.3d 696, 704 (8th Cir. 2005).

Plaintiff provides no evidence of his assertion that Judge Bryant went to law school with Tom Cooper and, if so, what sort of relationship they have, if any. There is no evidence that Judge Bryant's actions in this case could be at all seen as biased. Plaintiff's "[c]onclusory statements [of bias] are of no effect. Nor are . . . unsupported beliefs and assumptions." *Sharrock v. Ramey*, No. 4:18-cv-1751-NCC, 2018 WL 10517097, at *1 (E.D. Mo. Dec. 10, 2018).

Thus, the Court finds that Plaintiff has not carried his "heavy burden" of presenting evidence that would cause a reasonable person to question Judge Bryant's impartiality. Accordingly, the Court finds that it would be inappropriate for Judge Bryant to recuse and, for the same reasons, this objection presents no basis for the Court to depart from the instant Report and

Recommendation.

## III. CONCLUSION

For the above-stated reasons and upon *de novo* review, the Court finds that Plaintiff has presented no error of fact or law upon which a departure from the Report and Recommendation would be warranted. Accordingly, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 70) *in toto*.

Defendants' Motion to Enforce Settlement (ECF No. 66) is hereby **GRANTED**. Defendants' counsel are ordered to send updated settlement documents to Plaintiff that reflect his current filing-fee balance for this case. Plaintiff is in turn ordered to sign and date the settlement documents and place it back in the mail to Defendants' counsel **by May 25, 2020**. Once Defendants' counsel receives the signed settlement agreement, Defendants are ordered to pay to Plaintiff's mother, Trudy Martz, the sum of $1,500.00, along with any filing fee Plaintiff currently owes in connection with this case. If Plaintiff refuses to sign and return the settlement documents, Defendants are ordered to instead pay $1,500.00 into Plaintiff's inmate account with the Arkansas Department of Correction, along with his remaining filing fee. Once Defendants have paid the agreed amounts, they are ordered to file a notice of completion of settlement, along with any dismissal motion or stipulation that they deem appropriate.

**IT IS SO ORDERED**, this 7th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge